**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-2818

MOTHERLODE PROVISIONS, LLC, a Colorado Limited Liability Company,

        Plaintiff,

v.

Bouilli, Inc. d/b/a SMUGGLERS BREW PUB AND GRILLE, a Delaware Corporation,

        Defendant.

_____

**AMENDED COMPLAINT FOR TRADEMARK AND COPYRIGHT INFRINGEMENT,
DECEPTIVE TRADE PRACTICES, UNFAIR COMPETITION, FRAUD IN THE
INDUCEMENT, AND INTENTIONAL INTERFERENCE
WITH CONTRACTUAL RELATIONS**
_____

      Plaintiff Motherlode Provisions, LLC ("Motherlode Provisions"), for its Complaint and Jury Demand against Defendant Bouilli, Inc. d/b/a Smuggler's Brew Pub and Grille and/or Smugglers Brewpub ("Defendant" or "Smugglers"), alleges as follows:

**I.      PARTIES.**

      1.      Motherlode Provisions is a Colorado Limited Liability Company, with its principal place of business located at 950 S. Sherman Street, Unit 100, Longmont, CO 80501.

      2.      Upon information and belief, Smugglers is a Delaware corporation, with its principal place of business located at 225 South Pine Street, Telluride, CO 81435.  Defendant's registered agent in Delaware is United States Corporation Agents, Inc., 300 Delaware Ave. Suite

210-A, Wilmington, DE 19801.  Defendant's registered agent in Colorado is Joshua Klein, PO

151, Telluride, CO 81435.  Upon information and belief, Smugglers provides restaurant and

brewpub services to customers in Telluride, Colorado.

## II.      JURISDICTION AND VENUE.

3.      This is a civil action seeking damages and injunctive relief for trademark

infringement, copyright infringement, deceptive trade practices, and unfair competition under

Federal and Colorado law.

4.      This action is brought, in part, under the Lanham Act, 15 U.S.C. § 1051 *et seq.* In

particular, this action is brought under the Federal Trademark Act, 15 U.S.C. §§ 1051-1127, and

under the Copyright Act, 17 U.S.C. § 101 *et seq.*  This Court has subject matter jurisdiction

pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1332 (as the amount in controversy

exceeds $75,000) and 1338(a) (jurisdiction over federal trademark and copyright actions), and 28

U.S.C. § 1367 (the supplemental jurisdiction statute for the causes of action under Colorado state

law).

5.      The Court has personal jurisdiction over Smugglers because the Defendant resides

in and/or transacts systematic and continuous business in Colorado and this judicial district

(directly or through intermediaries), because Defendant has an operating business in this judicial

district located at 225 S. Pine. St., Telluride, CO 81435, and because Motherlode Provisions is

being damaged in the State of Colorado by Defendant's tortious conduct.

6.      Furthermore, the acts complained of herein occurred in Colorado and in this

judicial district.  Much of the egregious repeat infringement has occurred in Telluride, Colorado.

7.      Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of Defendant's tortious acts occurred in this judicial district and under 28 U.S.C. § 1391(c)(2) because Defendant maintains its principal place of business in this judicial district.

### III.      BACKGROUND FACTS.

8.      Motherlode Provisions is engaged in the business of, among other things, selling and promoting the use of cocktail mixers and condiments (e.g., BBQ and steak sauce) throughout the United States.

9.      Since its founding, Motherlode Provisions has worked tirelessly to create and provide the country's preeminent Bloody Mary mixers and food condiments.  These mixers and condiments are known for their all-natural and preservative-free ingredients.  Specifically, Motherlode Provisions' vegan and gluten-free Bloody Mary mix has become the company's flagship product, igniting a passion and loyalty amongst its customer base.

10.      As part of its successful efforts to carve itself a niche in an extremely competitive industry, Motherlode Provisions has devoted substantial time and resources to creating, promoting, and protecting its intellectual property, including several trademarks and a copyright that are integral to its business.

**A.      Motherlode Provision's Federally Registered Copyright.**

11.      Motherlode Provisions is the owner of U.S. Copyright Registration No. VA0001996534 for the visual material entitled "Pen and Ink Prospector Drawing," registered on November 23, 2015.  A true and accurate copy of Motherlode Provisions' U.S. Copyright

Registration No. VA0001996534 is attached as Exhibit A, which is incorporated herein by reference.

12.    The visual material included in the '534 registration comprises the following



image:

and is referred to as "the MINER" logo.

13.    The MINER logo was created in 2010 by Motherlode Provisions as a derivative work of a painting created by Alfredo Rodriguez.

14.    All copyright rights in the MINER logo were exclusively licensed to Motherlode Provisions by Alfredo Rodriguez on or about July 26, 2012.

15.    Motherlode Provisions' MINER logo is an important graphic and Motherlode Provisions has established substantial goodwill in connection with this graphic.

**B.       Motherlode Provision's Federally Registered Trademarks.**

16.      Motherlode Provisions is the owner of U.S. Trademark Registration No. 4,473,859 for the design mark MOTHERLODE PROVISIONS ROCKY MOUNTAIN STYLE BLOODY MARY MIX ONE HUNDRED PERCENT NATURAL INGREDIENTS®, registered on January 28, 2014 for "non-alcoholic cocktail mixes made wholly of natural ingredients" in International Class 32 and "Barbeque sauce; hot sauce; steak sauce; all of the foregoing made wholly of natural ingredients" in International Class 30.  Motherlode Provisions first used this mark at least as early as October 28, 2010 and first used his mark in interstate commerce at least as early as May 24, 2011.  A true and accurate copy of Motherlode Provisions' U.S. Trademark Registration No. 4,473,859 is attached as Exhibit B, which is incorporated herein by reference.

17.      Motherlode Provisions is the owner of U.S. Trademark Registration No. 4,477,110 for the design mark MOTHERLODE PROVISIONS ONE HUNDRED PERCENT NATURAL INGREDIENTS®, registered on February 04, 2014 for "Non-alcoholic cocktail mixes made wholly of natural ingredients" in International Class 32 and "Barbeque sauce; hot sauce; steak sauce; all of the foregoing made wholly of natural ingredients" in International Class 030.  Motherlode Provisions first used this mark and first used this mark in interstate commerce at least as early as February 13, 2013.  A true and accurate copy of Motherlode Provisions' U.S. Trademark Registration No. 4,477,110 is attached as Exhibit C, which is incorporated herein by reference.

18.     Both the '859 and '110 marks include a prominent display of the following



portion of the MINER logo:  .   Together, the '859 and '110 marks are collectively referred to as "the MINER" marks.

19.     Motherlode Provisions has the exclusive right to use the MINER marks as trademarks for non-alcoholic cocktail mixes, barbeque sauce, hot sauce, and steak sauce, all made wholly of natural ingredients.   Motherlode Provisions therefore has the exclusive right to use the MINER logo as a trademark for non-alcoholic cocktail mixes, barbeque sauce, hot sauce, and steak sauce, all made wholly of natural ingredients, and any confusingly similar goods and services, including goods and services that may be sold in other venues such as restaurants, cafes and markets which comprise the zone of natural expansion of the registered goods.

20.     Motherlode Provisions' MINER trademarks are an important brand and Motherlode Provisions has established substantial goodwill in connection with this brand.

**C.     Defendant's Prior Knowledge, Infringing Conduct and Prior Settlement Agreement with Plaintiff.**

21.     In support of its claims and in particular with respect to its fraud and state law claims set forth below, Plaintiff presents the following detailed facts with particularity.

22.     On or about October 14, 2015, Motherlode Provisions first became aware that Smugglers was using various instances of the following mark:



("the Smugglers' mark")  to identify the source or origin of Smuggler's goods and services, namely, providing food items such as hamburgers, steaks, salads, sauces, and beverages including alcoholic and non-alcoholic beverages.  A copy of the original infringing use of the Smugglers' mark is attached as Exhibit D.

23.     By virtue of their widespread use and public dissemination including the sale of goods bearing the MINER marks in Colorado and through online sales across the country, Defendant had access to the MINER marks prior to using the Smugglers' mark.

24.     Smugglers is a brewery, bar, and restaurant located in Telluride, Colorado that sells goods that are covered by the MINER marks.

25.     On or about November 6, 2015, Motherlode Provisions sent Smugglers a first cease-and-desist letter demanding that Smugglers immediately cease all use of the Smugglers' mark, and all variants thereof, in the advertising, promotion, offering for sale, and providing of

brewery, bar, and restaurant goods and services.  A true and correct copy of this letter is attached as Exhibit E and is incorporated herein by reference.

26.     On or about November 8, 2015, John Klein, a representative of Defendant, contacted counsel for Motherlode Provisions to seek a resolution to the issues identified in the November 6, 2015 letter.

27.     On or about November 11, 2015, Defendant contacted counsel for Motherlode Provisions, denied the allegations in the Motherlode cease and desist letter, and indicated that Defendant believed it has a right to continue to use the Smugglers' mark.

28.     Thus, Defendant has had actual knowledge of the MINER marks since at least as early as November 11, 2015.

29.     On or about November 17, 2015, and following up to the November 11, 2015 letter, Defendant's representative sent counsel for Motherlode Provisions a letter stating why Defendant believed it has a right to continue to use the Smugglers' mark.  A true and correct copy of this letter is attached as Exhibit F, and is incorporated herein by reference.  On this date, Defendant's representative also subsequently sent counsel for Motherlode Provisions an email specifically citing the paintings of Alfredo Rodriguez as a purported source for the Smugglers' mark.

30.     As of at least November 17, 2015, Defendant did not have any rights granted to it by Alfredo Rodriguez.

31.     Shortly thereafter, Motherlode Provisions, through its counsel, made Defendant aware of the license and exclusive rights it had to the Rodriguez paintings and to the images used

by Smugglers.   A true and correct copy of this communication to Defendant is attached as Exhibit G, which is incorporated herein by reference.

33.     Plaintiff's exclusive license to the artwork of Alfredo Rodriguez dates back to at least July 13, 2012.

33.     Upon information and belief, when learning that Plaintiff had an exclusive license to the artwork of Alfredo Rodriguez, Defendant contacted Mr. Rodriguez and sought a copyright license from him.   Defendant entered into a purported copyright license agreement with Alfredo Rodriguez, effective November 21, 2015.

34.     Also, on December 17, 2015 Defendant filed U.S. Trademark Application Serial No. 86/853,146 for the design mark shown below (the "Smugglers registered mark").   The '146 application was eventually registered on August 9, 2016 as Registration No. 5,017,164.



35.     Thus, when Defendant filed U.S. Trademark Application Serial No. 86/853,146, it knew it did not have the rights to the artwork created by Alfredo Rodriguez.

.

36.     From about December 17, 2015 to about March 1, 2016, Defendant's representative and counsel for Motherlode Provisions exchanged communications discussing Defendant's continued use of the mark. Defendant made representations that it intended to cease use of the mark in response to Plaintiff's requests and stated to Plaintiff that "As of April 1, 2016, our client should have completed the remaining items to switch out use of the mark on all items." Defendant also subsequently agreed to cease use of the Smugglers' mark by June 18, 2016, corresponding to the development of a new Smuggler's logo.  Plaintiff was unaware of Defendant's purported license with Alfredo Rodriguez throughout the negotiations between Plaintiff and Defendant.

37.     Between May 27, 2016 and September 12, 2016, counsel for Motherlode Provisions sent Defendant's representative numerous emails requesting an update on the finalization of Smugglers' rebranding effort and its prior agreement with Plaintiff.  Defendant's representative provided various responses stating that Defendant was unavailable.

38.     On or about September 17, 2016, Motherlode Provisions was informed that Smugglers was still using the MINER logo.  Attached as Exhibit H are samples of Smugglers' continued infringing use of the MINER marks and MINER logo.

39.     Smugglers' use of the Smugglers' mark for providing food items such as hamburgers, steaks, salads, sauces, and beverages including alcoholic and non-alcoholic beverages is unauthorized and infringes Motherlode Provision's federally registered MINER trademarks and Motherlode Provision's federally registered copyright for the MINER logo.

## FIRST CAUSE OF ACTION
### Trademark Infringement in Violation of the Lanham Act (15 U.S.C. §1114)

40.     Motherlode Provisions hereby incorporates paragraphs 1-39 above as if fully set forth herein including all of the factual allegations contained in those paragraphs.

41.     The Smugglers' mark is a reproduction, counterfeit, copy, or colorable imitation of the MINER marks.

42.     Smugglers' use of the Smugglers' mark is likely to cause confusion, mistake, or deception in potential purchasers and others, whereby they would be led to mistakenly believe that Defendants are affiliated with, sponsored by, or connected with Motherlode Provisions.

43.     Smugglers' use of the Smugglers' mark is without Motherlode Provisions' consent or permission.

44.     Smugglers' use of the Smugglers' mark constitutes willful, intentional, knowing, and bad faith trademark infringement of Motherlode Provisions' MINER marks in violation of 15 U.S.C. § 1114(1).

45.     Smugglers' conduct has caused and, unless enjoined, will continue to cause irreparable harm, monetary damage, loss, and injury to Motherlode Provisions.

46.     Motherlode Provisions is without an adequate remedy at law.

## SECOND CAUSE OF ACTION
### Unfair Competition in Violation of Lanham Act (15 U.S.C. §1125(a))

47.     Motherlode Provisions hereby incorporates paragraphs 1-46 above as if fully set forth herein including all of the factual allegations contained in those paragraphs.

48.     Smugglers continues to promote and sell food items such as hamburgers, steaks, salads, sauces, and beverages including alcoholic and non-alcoholic beverages in connection

with and under the Smugglers' mark.  In doing so, and because of the striking similarity of the Smugglers' mark to the MINER logos, Defendants have falsely designated the origin of the goods and services used in interstate commerce and have falsely described or misrepresented the nature, characteristics, and qualities of the goods and services.

49.     Smugglers' false description or misrepresentation is material and is likely to influence the relevant public's purchasing decision.

50.     Smugglers' unauthorized use of the Smugglers' mark is likely to cause confusion, mistake, or deception as to the affiliation, connection or association with Motherlode Provisions, and constitutes unfair competition in a knowing, willful, intentional, and bad faith violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51.     Smugglers' unlawful actions have caused irreparable injury and commercial harm to Motherlode Provisions by a direct diversion of sales and/or a lessening of goodwill associated with Motherlode Provisions' products.  Unless such acts are enjoined by this court, Motherlode Provisions will continue to be irreparably injured and suffer commercial harm.

52.     Motherlode Provisions has no adequate remedy at law.

## THIRD CAUSE OF ACTION
### Unfair Competition under Colorado Common Law

53.     Motherlode Provisions hereby incorporates paragraphs 1-52 above as if fully set forth herein including all of the factual allegations contained in those paragraphs.

54.     Motherlode Provisions operates a bar, restaurant, and commercial kitchen at 950 S. Sherman St., Longmont, CO.

55.     Motherlode Provisions first used the MINER marks and MINER logo in association with its bar, restaurant, and commercial kitchen on October 13, 2016.

56.     Motherlode Provisions has established goodwill in Colorado associated with its MINER marks and MINER logo and Smugglers is trading upon Motherlode Provisions' goodwill through unauthorized and unlicensed use of Motherlode Provisions' marks and logo.

57.     Defendant's actions have caused and are likely to cause confusion with the established and superior rights of Motherlode Provisions in Colorado, causing consumers familiar with the MINER marks and MINER logo to be deceived or confused as to the source of the goods and services and otherwise unfairly compete with Motherlode Provisions.  As such, Defendant's actions constitute unfair competition under Colorado common law.

58.     As a result of Defendant's wrongful actions, Motherlode Provisions has suffered commercial harm.

59.     Defendant's wrongful actions were deliberate and committed with willful and wanton disregard for Motherlode Provisions' rights.

60.     Motherlode Provisions has been and continues to be irreparably harmed by Defendant's actions and Motherlode Provisions has no adequate remedy at law.

## FOURTH CAUSE OF ACTION
### Trademark Infringement under Colorado Common Law

61.     Motherlode Provisions hereby incorporates paragraphs 1-60 above as if fully set forth herein including all of the factual allegations contained in those paragraphs.

62.     Defendant has violated and infringed Motherlode Provisions' common law rights in the MINER marks in violation of the laws of the State of Colorado.

63.     Motherlode Provisions' common law rights encompass rights beyond those protected in its federal trademark registrations and those recoverable under the Federal Trademark and Unfair Competition Claims.

64.     Defendant's unauthorized use of the Smugglers' mark has caused and will continue to cause confusion in the trade as to the source of the products and services and is likely to lead the public to believe that Smugglers is in some way connected to Motherlode Provisions.

65.     Defendant's infringing activities constitute misappropriation and trademark infringement under Colorado common law.

66.     Motherlode Provisions is being damaged by the conduct and is without an adequate remedy at law to compensate it for Defendant's wrongful acts.

## FIFTH CAUSE OF ACTION
### Copyright Infringement in Violation of the Copyright Act (17 U.S.C. §§ 106 and 501)

67.     Motherlode Provisions hereby incorporates paragraphs 1-66 above as if fully set forth herein including all of the factual allegations contained in those paragraphs.

68.     The MINER logo contains material wholly original and copyrightable under applicable law.

69.     Motherlode Provisions is the sole proprietor of all rights, title and interest in and to all copyrights in the MINER logo, including the rights to sue and recover damages for accrued copyright infringement claims.

70.     Upon information and belief, Smugglers has accessed and created derivative works of the MINER logo without authority in a manner which is in violation of Motherlode Provisions' exclusive rights in and to the MINER logo.

71.     Defendant's derivative works are a direct copy of, or substantially similar to, the MINER logo.

72.     Defendant's derivative works are so strikingly similar to the MINER logo that it is inferred under federal trademark law that Defendant copied Plaintiff's work in creating its derivative work.

73.     Despite Motherlode Provisions' demands to cease such activities, Defendant continues to willfully use and infringe Plaintiff's copyright in the MINER logo, which violates Motherlode Provision's exclusive right to reproduce, distribute, and create derivative works of the MINER logo, in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

74.     Defendant has affirmatively stated that it intends to continue their course of conduct, and to wrongfully use, infringe upon and otherwise profit from the MINER logo and works derived therefrom.

75.     Defendant's acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights.

76.     Upon information and belief, Defendant controlled, directed, supervised and profited from its infringing actions.

77.     Defendant has been and continues to be unjustly enriched as a result of its infringement, thereby gaining income and revenue.

78.     As a result of Defendant's infringement, Motherlode Provisions has sustained, and will continue to sustain, substantial injury, loss and damage to its ownership rights in the copyrighted work including lost revenue and profit.

79.     Motherlode Provisions is entitled to damages in an amount to be proven at trial.

80.     Plaintiffs are also entitled to Defendant's profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b).

81.     Plaintiffs further are entitled to their attorney's fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

82.     As a result of the foregoing acts and conduct, Plaintiffs have sustained and unless enjoined and restrained by this Court, will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law and that cannot fully be compensated or measured in money. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## SIXTH CAUSE OF ACTION
**Violation of the Colorado Deceptive Trade Practices Act (Colo. Rev. Stat. Sec. 6-1-105)**

83.     Motherlode Provisions hereby incorporates paragraphs 1-82 above as if fully set forth herein including all of the factual allegations contained in those paragraphs.

84.     Defendant is the designer, manufacturer, promoter, marketer, developer, seller, and/or distributor of the Smugglers' mark.

85.     Defendant sold restaurant and brewpub goods and services to customers in Telluride, Colorado under the Smugglers' mark, including products specifically listed in the Motherlode trademarks.

86.     Motherlode Provisions operates a bar, restaurant, and commercial kitchen at 950 S. Sherman St., Longmont, CO.

87.     Motherlode Provisions first used the MINER marks and MINER logo in association with its bar, restaurant, and commercial kitchen on October 13, 2016.

88.     By filing its own trademark application based on a design that it knew was owned by another, Defendant committed fraud on the USPTO.

89.     Defendant knew or should have known that the Smugglers' mark caused their customers, in reasonable probability, to be deceived that their restaurant and brewpub goods and services were connected to, or endorsed by, Motherlode Provisions.

90.     Defendant have violated the Colorado Deceptive Trade Practice Act, Sec. 6-1-105. In selling restaurant and brewpub goods and services under the Smugglers' mark, Defendant has used deception, fraud, false pretense, misrepresentation or the concealment, suppression or omission of material facts, either expressly or by implication, by representing that Defendant's restaurant and brewpub goods and services were of similar quality as Motherlode's cocktail mixers and condiments.

91.     Defendant intentionally and knowingly used deception, false pretense, false promise, misrepresentation and/or concealment of material facts regarding the quality of

Defendant's restaurant and brewpub goods and services with intent to mislead the public that Defendant's restaurant and brewpub goods and services were of similar quality as Motherlode's restaurant services, cocktail mixers and condiments.

92.     As a result of Defendant's unlawful business practices, Motherlode Provisions is entitled to an order enjoining such future conduct and such other orders and judgments which may be necessary to restore Defendant's ill-gotten gains to Motherlode Provisions.

### SEVENTH CAUSE OF ACTION
**Fraud in the Inducement**

93.      Motherlode Provisions hereby incorporates paragraphs 1-92 above as if fully set forth herein including all of the factual allegations contained in those paragraphs.

94.     On or before November 17, 2015, Defendant had actual knowledge of the fact that Plaintiff had an exclusive copyright license from Alfredo Rodriguez to the image embodied in the MINER marks.

95.     On or before November 17, 2015, Defendant had actual knowledge of the fact that Plaintiff had trademark registrations in the MINER Marks.

96.     Upon information and belief, during their discussions with Mr. Rodriguez, Defendant did not disclose the fact that they were aware of Mr. Rodriguez's prior license to Plaintiff that potentially covered the same or similar subject matter.

97.     Upon information and belief, during the prosecution of the '146 trademark application, Defendant did not disclose to the Trademark Office the fact that they were aware of Mr. Rodriguez's prior license to Plaintiff that potentially covered the same or similar subject matter.

98.     Upon information and belief, Defendant misrepresented its own knowledge of the prior agreement between Alfredo Rodriguez and Plaintiff by not disclosing to Mr. Rodriguez and the Trademark Office the fact that he had already licensed the same work to Plaintiff.

99.     Upon information and belief, Defendant represented to Alfredo Rodriguez that the subject matter of Defendant's license with Alfredo Rodriguez was available by Alfredo Rodriguez for licensing to Defendant.

100.    Upon information and belief, Defendant represented to the Trademark Office that the subject matter of the '146 trademark application was available by for registration to Defendant.

101.    Defendant knew such representations were false.

102.    Plaintiff did not know of the false representations by Plaintiff.

103.    Defendant made the representations to Mr. Rodriguez and the Trademark Office with the intent that the representation would be relied and acted upon.

104.    Despite these false representations, Defendant also represented in writing to Plaintiff that it was ceasing use of the Smugglers' marks and thus entered into a written contract with Plaintiff to settle the infringement claims that Plaintiff had alleged against Defendant.

105.    These false representations thus induced Plaintiff to enter into its agreement with Defendant and caused Plaintiff to refrain from further prosecution of its claims against Defendant, resulting in damage to Motherlode Provisions.

## EIGHTH CAUSE OF ACTION
### Intentional Interference with Contractual Relations

106.    Motherlode Provisions hereby incorporates paragraphs 1-105 above as if fully set forth herein including all of the factual allegations contained in those paragraphs.

107.    Motherlode Provisions entered into an exclusive license with Alfredo Rodriguez on or about July 26, 2012 for all copyright rights in his works that contributed to the MINER logo.

108.    Smugglers knew or reasonably should have known of the exclusive license through the prior communications with Plaintiff's counsel.

109.    Smugglers intentionally interfered with the performance of Motherlode Provisions' exclusive license with Mr. Rodriguez by contacting Mr. Rodriguez and obtaining their own copyright license from him for the same or similar subject matter.

110.    Smugglers' interference was improper as they did not disclose to Mr. Rodriguez the fact that they were aware that Mr. Rodriguez's had previously licensed to Motherlode Provisions the same or similar subject matter covered on their own copyright license.

111.    Smugglers' interference was further improper because Smugglers was aware that their copyright license with Mr. Rodriguez was invalid and unenforceable.

112.    Smugglers interference with the license between Plaintiff and Mr. Rodriguez caused the Motherlode Provisions damages or losses.

## **PRAYER FOR RELIEF**

WHEREFORE, Motherlode Provisions requests a judgment in its favor and against Smugglers as follows:

A.    That Smugglers, its agents, servants, officers, directors, employees, attorneys, privies, representative, successors, assigns, and parent and subsidiary corporations or other related entities, and any and all persons in participation with any of them, be preliminarily and permanently enjoined from:

(1)     any further use of the Smugglers' mark;

(2)     any further infringement of the MINER marks;

(3)     any further infringement of the MINER logo;

(4)     performing any action or using any trade dress, name, mark, symbol or slogan which is likely to cause confusion or mistake, or to deceive or otherwise mislead persons and entities into believing that Motherlode Provisions and Smugglers are in some way connected, that Motherlode Provisions is the sponsor of Smugglers, or that Smugglers' products or services are offered with the approval, consent, authorization or under the supervision of Motherlode Provisions;

(5)     manufacturing, marketing, advertising or selling any product or service containing or utilizing Motherlode Provisions' intellectual property; or

(6)     any other conduct constituting unfair competition with Motherlode Provisions.

B.     All damages to which Plaintiff may be entitled, including for Defendants' profits and for damages available under 17 U.S.C. § 101, et seq., in an amount as may be proven at trial, including but not limited to all available damages, penalties and remedies for knowing and willful copyright infringement; alternatively, at Plaintiff's election, for the maximum statutory damages amount allowed by law for all individual copyright infringements involved in this action with respect to any one work, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c);

C.     That Smugglers be ordered to deliver to Motherlode Provisions for destruction, or certify in writing the destruction of, all products and all sales, marketing, and advertising

material that infringe Motherlode Provisions' MINER marks, MINER logo, and any other Motherlode Provisions intellectual property;

D.      That Smugglers be ordered to file with the Court and serve on Motherlode Provisions, within thirty days after the entry of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Smugglers has complied with any injunction;

E.      That Motherlode Provisions be awarded statutory damages of at least $150,000.00, actual damages and punitive damages as allowed by law including but not limited to, those increased damages authorized by 15 U.S.C. § 1117 and treble damages authorized by Colo. Rev. Stat. § 6-1-113(2)(a)(III), in an amount to be determined at trial for all infringing activities, including Motherlode Provisions' damages and lost profits, Smugglers' profits, plus any costs associated with preventing future confusion, mistake, or deception, all from the date of first infringement;

F.      That Smugglers pay Motherlode Provisions a sum sufficient to cover the cost of corrective advertising necessary to alleviate any existing confusion resulting from Defendant's unauthorized use of Motherlode Provisions' proprietary rights;

G.      That Motherlode Provisions be awarded attorney's fees;

H.      That Motherlode Provisions be awarded pre-judgment and post-judgment interest;

I.      That Motherlode Provisions be awarded costs and expenses, including expert witness fees; and

J.      That such other and further preliminary and permanent relief be awarded as the Court deems appropriate.

**JURY DEMAND**

Motherlode Provisions demands a jury trial on all issues so triable.


Respectfully submitted this 9TH day of February, 2017.

NUEGEBOREN O'DOWD PC

s/Craig Neugeboren
Shane Percival
Craig Neugeboren
1227 Spruce St., Suite 200
Boulder, CO 80302
Tel:  720-536-4900
Fax:  720-536-4910
shane@neugeborenlaw.com
craig@neugeborenlaw.com


ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served via e-mail pursuant to a stipulation between the parties to serve such documents electronically on February 9, 2017 as follows:

John Arsenault
Attorney for Defendant
john.arsenault@frontrangelegalservices.com

/s/ Craig Neugeboren

NEUGEBOREN O'DOWD PC
1227 Spruce St., Ste. 200
Boulder, CO  80302
Telephone:      (720) 536-4900
Facsimile:      (720) 536-4910
E-Mail:           craig@nodiplaw.com